Alfred Low et al., Respondents *v.* Francis X. Hart, Appellant.

Where, in an action to restrain the infringement of a trade-mark, it is shown that defendant has in his store, and offers for sale, a spurious article, with an imitation of plaintiffs' trade-mark thereon, although but a single sale is proved, it is sufficient to sustain an injunction against a continuance of the wrong.

An action for such injunction will not be defeated solely on the ground that on the day it was brought defendant happened not to have any of the article on hand.

Declarations of the clerk, made at the time of the sale and in connection therewith, are competent evidence.

Costs in such an action are in the discretion of the court.

(Argued June 29, 1882 ; decided December 12, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 28, 1881, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Charles H. Smith* for appellant. It was error to receive in evidence the declaration of the defendant's clerk, made on the sale of the soap, for no clerk is an agent to admit that his employer is committing or about to perpetrate a trespass or a tort. (*Clark* v. *Met. Bk.*, 3 Duer, 241; *Terry* v. *Fargo*, 10 Johns. 114; *Brisbane* v. *Adams*, 3 N. Y. 129.) The complaint for injunction should have separately alleged the use of the label was with wrongful intent. (*Hostetter's Bitters Case*, Daily Reg., Feb. 21, 1882.) To sell an article in imitation of another's is not actionable in the State court, for injunction. (*Comstock* v. *White*, 18 How. 421; *Southern* v. *How*, Popham, 144; *Taylor* v. *Carpenter*, 2 W. & M. 1; *Hart* v. *Mayor of Albany*, 9 Wend. 571; *Jerome* v. *Ross*, 7 Johns. Ch. 315.) The plaintiffs' remedy is not this bill in equity for injunction, but at law for damages. (*Coulter* v. *Murray*, 4 Daly, 506; *Hudson Co.* v. *N. Y. & E. R. R. Co.*, 9 Paige, 323; *Marshal* v. *Peters*, 12 How. 218; *People, ex rel. Floyd*, v. *Conklin*, 5 Hun, 452; *Savage* v. *Allen*, 54 N. Y. 463; Code, §§ 603–4; *Spooner* v. *McCornell*, McLean, 388.) The accidental sale of a package of three cakes of spurious soap on one occasion is not evidence of a habit or intention of making sale of spurious soap time after time for five years. (*Sander* v. *Hoffman*, 62 N. Y. 248.) One sale, four months before this suit, to plaintiffs' agent, who knew what he was buying and was not deceived, does not authorize the wholesale inference that the

defendant was and is selling the soap and is amenable to injunction. (*Mason* v. *Lord*, 40 N. Y. 484; *Mort* v. *Canston*, 10 L. T. [N. S.] 395.)

*H. G. Batcheller* for respondents. The general rule, in equity, is to allow costs to the prevailing party. (*Hovey* v. *Stevens*, 3 W. & M. [U. S.] 17, 18.) The right to an injunction usually carries with it the right to costs. (*Moet* v. *Canston*, 10 L. T. [N. S.] 391; *S. C.*, 33 Beav. 578; *Senes* v. *O'Sullivan*, 1 Month. Law Bul. 43; *Burgess* v. *Hotley*, 26 Beav. 249; *Burgess* v. *Hill*, 25 id. 244.) It was of no consequence whether witness O'Sullivan was employed by plaintiffs or whether he was deceived. The question to be decided was, whether the bogus label "D" was calculated to deceive the incautious and unwary. It was immaterial when plaintiffs first notified defendant of the existence of the bogus label and imitation of their soap, or whether he was notified at all. Ignorance is no excuse. (*Coleman* v. *Crump*, 70 N. Y. 573.)

RAPALLO, J. This action was brought to restrain the infringement by the defendant of the plaintiffs' trade-mark.

It was admitted by the pleadings that the plaintiffs were the manufacturers, in England, of an article of soap, and the proprietors of a trade-mark, under which they sold it, and which consisted of the name of "Low's Highly Perfumed Brown Windsor Soap," and a wrapper illuminated with colors and type. The complaint further alleged that the defendant, during five years preceding the commencement of the action, wrongfully offered for sale, and then offered for sale in the city of New York and elsewhere, an article in imitation of plaintiffs' article, put up in similar packages, with precisely similar labels; that the imitation was calculated to, and did deceive the public, and the plaintiffs sustained damage thereby. These latter allegations were denied, and the defendant set up, in his answer, that the plaintiffs' label was not within the terms of the act of Congress concerning trade-marks (U. S. Rev. Stat., §§ 4937–4947), and was not a trade-mark within the limits of the United States.

On the trial the plaintiffs proved a single sale of the spurious article at defendant's store, by defendant's clerk in charge thereof, on the 19th of July, 1878. The sale was made to a detective in the employ of plaintiffs. The detective testified that he asked the clerk whether he had any of Low's Brown Windsor Soap, and he said he had the article. The defendant's counsel objected to this evidence on the ground that the defendant was not present, but the court overruled the objection, and exception was taken. The witness then testified that the clerk said the article was genuine, and he could give witness any complement of it he wanted. Witness then produced the package, and marked it for identification. That he was familiar with the genuine article and the imitation of it, and that the article he purchased was an imitation and had upon it the false label attached to the complaint, and which was proved by plaintiffs' agent to be an imitation of plaintiffs' label.

This action was commenced on the 5th of October, 1878, and the court found as a fact that at that time the defendant did not have on hand for sale, or otherwise, any of the imitation soap or labels.

The testimony of the defendant shows that his dealings in the article were very trifling, and he denied knowledge that the article sold by him was not genuine. It was proved, however, that the difference in price between the genuine article and the imitation was very great, but the defendant, although he recollected purchasing the soap from various parties, failed to recollect any of the prices paid.

No damages were asked for, and the court awarded a perpetual injunction, with costs. The imposition of these costs is the principal subject of the appeal, and the defendant contends that the evidence was not sufficient to authorize the awarding of the injunction.

Although the proof does not establish an infringement by the defendant to any great extent, yet we think that where it is shown that a dealer has the imitated article in his store, and offers it for sale as genuine, even though but a single sale is proved, that is sufficient to sustain an injunction against a con-

tinuance of the wrong, and that an action for such injunction will not be defeated solely on the ground that on the day it is brought, the dealer happens not to have any of the article on hand. The declarations of the clerk in charge at the time of the sale, made in connection therewith, were we think competent. It was his business to sell, and offer for sale, the merchandise in the store, and what he said and did in these respects must be taken to have been authorized by his employer. Though the case is comparatively a slight one, we think it is sufficient to sustain the judgment for an injunction. As to the question of costs, these were in the discretion of the court. It is apparent, from the opinion of the court, that the consideration which influenced it in awarding costs, was that the defendant, though conceding the proprietorship of the plaintiffs, contested their right to protect their trade-mark in this country, on the ground that they had not brought themselves within the provisions of the act of Congress (a position entirely untenable), and thus put the plaintiffs to unnecessary litigation and expense.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.