## HARL, ADM'R, v. THE POTTAWATTAMIE COUNTY MUTUAL FIRE INSURANCE COMPANY.

1.  Fire Insurance : MUTUAL COMPANY : CORPORATE CAPACITY : DEATH OF MEMBER : SUBSEQUENT LOSS : ASSESSMENT OF ADMINISTRATOR : ESTOPPEL. Plaintiff's intestate was a member of the defendant company, and held its policy of insurance upon certain property. After his death, but within the term covered by the policy, the property was destroyed by fire. The company afterwards assessed the administrator on account of the policy, and received from him as such the amount of the assessment. *Held* that the company was estopped from claiming that the policy died with the decedent ; and that it was immaterial whether the company was a corporation or a mere voluntary-association.

2.  ——— : ——— : ACTION ON POLICY NOT CONDITIONED UPON ASSESS-MENT. Where neither the policy of a mutual fire insurance company, nor the articles and by-laws therein referred to, contained any limitation of liability to the amount realized from an assessment, *held* that an action for the full amount of the loss, not exceeding the insurance, could be maintained against the company before any assessment was made to meet the loss. (*Bailey v. Mut. Ben. Ass'n*, 71 Iowa, 689, *distinguished.*)

3.  ——— : ——— : ACTION ON POLICY : AMENDMENT : MANDAMUS TO COMPEL ASSESSMENT. In an action against a mutual insurance company, which had no funds to pay losses except as it obtained them by special assessments, it was proper to ask, as auxiliary to the main action, that a writ of *mandamus* issue to compel the levy of an assessment to pay the loss ; and when such relief was asked in an amendment to the petition, it was error to strike it from the files on the ground that it was not a proper amendment, but the introduction of a new cause of action.

4.  Evidence : PRACTICE : ERROR WITHOUT PREJUDICE. It is not prejudicial error to exclude evidence which is afterwards admitted.

5.  Appeal : PRACTICE : FILING AMENDMENT TO ABSTRACT : LEAVE : TIME. Where the matter contained in an amendment to appellant's abstract was sufficiently identified as a part of the record, leave of the court to file it was not necessary, nor did the mere fact that it was filed after the cause had been argued by appellee entitle the latter to have it stricken from the files. (Compare *Frost v. Parker*, 65 Iowa, 178, and *Palo Alto County v. Harrison*, 68 Iowa, 81.)

*Appeal from Pottawattamie Circuit Court.*—HON. J. P. CONNER, Judge.

FILED, MARCH 8, 1888.

THIS is an action on a contract issued by defendant to T. Harl, now deceased, brought to recover nineteen hundred and ninety-five dollars as the alleged value of the property insured, and destroyed by fire after the death of T. Harl.

*Smith & Harl, D. B. Dailey* and *W. I. Smith,* for appellant.

*Wright, Baldwin & Haldane,* for appellee.

ROBINSON, J.—The plaintiff seeks to recover as the administrator of the estate of decedent. The facts seem to be that the defendant was organized to insure both real and personal property against loss or damage by fire and lightning. In its organization the rights, liabilities and privileges provided by law for mutual fire insurance companies were in terms assumed. The property in controversy was insured by defendant, the risk thereon to commence on the twenty-second day of January, 1884, and continue five years. The owner of the property died in January, 1885. The property insured was destroyed by fire in April, 1885, at which time plaintiff was administrator of the estate of decedent. Proof of loss was made to defendant and received by it without objection. The loss was adjusted and agreed upon by the proper officers of defendant the next day after the fire, and fixed at the full amount named in the policy on the property in controversy. The loss on a house and barn insured by the same policy was adjusted at the same time at six hundred and twenty-five dollars. An assessment was made on the members of the company, and the amount paid, but no assessment has been made to pay the loss in controversy. After the commencement of this action, the plaintiff

paid an assessment made upon him as administrator of the estate of decedent on account of the contract of insurance in suit.

The petition alleges that defendant is a corporation organized as a mutual insurance company. The answer denies this, and alleges that defendant is a "voluntary association of persons binding themselves together to reimburse one another in case of loss by fire, in manner and according to the method prescribed by their articles of association and by-laws." The answer also states that the organization was effected in accordance with the provisions of section 1160 of the Code; that decedent became a member of the association, but that his connection with it was a personal one, which did not pass to his administrator, but was terminated by his death. In reply, the plaintiff avers that defendant is estopped from denying its corporate character, for the reason that it issued the policy of insurance as a corporation, and has acted as and in the name of a corporation; also, that it is estopped from denying its obligations under the policy, for the reason that, after the death of decedent, it assessed the plaintiff as administrator and as a member and policy-holder, and received the amount assessed from plaintiff as administrator. On the trial, and after plaintiff had offered his evidence and rested, the court sustained a motion of defendant to instruct the jury to return a verdict in its favor. We are required to determine the correctness of this ruling.

The motion seems to have been made upon the theory that defendant was not a corporation, but a mere voluntary association of persons; that the contract of insurance was a personal one, which did not survive the decedent; that defendant is not liable for any sum until an assessment on its members has been made, and then only for the amount realized from such assessment; that there is no evidence that plaintiff had any insurable interest in the property at the time of its destruction; and hence that this action cannot be maintained.

I. In the view we take of this case, it is immaterial for the purposes of this decision whether the

**1. FIRE insurance: mutual company: corporate capacity: death of member: subsequent loss: assessment of administrator: estoppel.** defendant is a corporation or a mere voluntary association of persons, as it claims. In either case it had the power to enter into the contract in suit, and can sue and be sued in the name in which it made the contract. Having the power to make the contract entered into with decedent, it had the power to ratify and confirm it in the hands of plaintiff as the legal representative of decedent, and to admit the plaintiff to the duties and privileges of membership. This it did when it assessed him in his representative character as a member, and received from him in that character the amount of the assessment. We think, under the facts of this case as disclosed to us, that defendant is estopped from denying its liability for the loss in question. It is insisted by appellee that the act of defendant in assessing the plaintiff and receiving payment from him did not have the effect to continue the original policy in force, but was in effect a new contract of insurance. But we do not think this position is sustained by the record. We are satisfied from it that no new contract was contemplated by either party, and that the assessment and payment were on account of the contract with decedent. Having treated this as in force, and enjoyed its benefits, defendant ought not to be permitted to deny the liability which it creates.

II. It is claimed by appellee that no action can be maintained for the loss in question until after an assessment has been made upon the members of defendant to pay it, and that its liability would then be measured by the amount realized from such assessment, not exceeding the loss. In support of this position it relies upon the case of *Bailey v. Mutual Benefit Ass'n*, 71 Iowa, 689. But in that case the contract of insurance called for the net proceeds of an assessment, not to exceed three thousand dollars. The articles of incorporation expressly limited the amount of liability to the net amount collected on the advance assessment made previous to the death of the member. In this case there is no such

**2. ——·——: action on policy not conditioned upon assessment.**

restriction in the contract of insurance, nor in the articles and by-laws to which the contract of insurance refers. It provides for the insurance of the property included therein in specific amounts. A clause is inserted providing that there shall be no liability except on terms prescribed in the articles of association, and by-laws. The articles and by-laws referred to contain no limitation of liability to the amount realized from an assessment. On the contrary, they require payment of the amount due for a loss sustained to be made as soon as practicable, and in all cases within sixty days from the receipt of proof of loss. We, therefore, conclude that it is not necessary that an assessment be made and collected before this action can be maintained, and that the amount of recovery is not limited excepting by the amount of insurance and the loss sustained.

III. The plaintiff filed an amendment to his petition, in which he alleged, in substance, that the loss in controversy was adjusted by the proper officers of defendant at the sum of nineteen hundred and twenty dollars on the first day of April, 1885; that more than sixty days had elapsed after such adjustment before the commencement of this action; and that defendant had neglected and refused to make any assessment to pay the loss, and asking for an order of *mandamus* to compel the levy of such an assessment. The court sustained a motion to strike this amendment from the files, "because the same is not in fact an amendment thereto, but the substitution of a new and independent cause of action, inconsistent with the averments of the plaintiff's original petition, which cannot be joined therewith, and requiring the addition of other parties defendant." We think the amendment was a proper one, and that it was error to strike it from the files. The relief asked by the amendment was auxiliary to that demanded in the original petition. The articles of association of defendant require that an assessment be made when necessary to pay losses adjusted. It is not claimed that defendant has funds in hands with which to pay this loss;

3. ——:——: action on policy: amendment: mandamus to compel assessment.

hence an assessment is necessary, and it is the duty of defendant to have it made. We think the relief sought by the amendment is authorized by sections 3375 and 3381 of the Code.

IV. Appellant complains of the sustaining of objections to questions asked the witness Clark. If it be true that the ruling complained of was erroneous, no prejudice resulted, for the reason that the witness was afterwards permitted to testify as to the matters to which the questions referred to were directed.

4. EVIDENCE: practice: error without prejudice.

V. The appellee seeks by motion to have stricken from the record an amendment to the abstract filed by appellant, on the grounds that such amendment does not purport to state that the matter therein alleged appears of record, but is a statement of fact not based upon any evidence contained in the record, and on the further ground that the amendment was filed after the cause had been fully argued by appellee, without leave of the court. We think the motion should be overruled. (1) The material part of the amendment is in the nature of an additional statement as to the contents of two papers introduced in evidence on the trial of the cause and referred to in the abstract. That the papers are a part of the record, and as such properly referred to in the abstract, is not questioned. We, therefore, conclude that the matter contained in the amendment is sufficiently identified as a part of the record. (2) Leave to file the amendment was not necessary, nor does the fact that it was filed after the cause had been argued by appellee entitle the latter to the relief it demands. *Frost v. Parker*, 65 Iowa, 178 ; *Palo Alto County v. Harrison*, 68 Iowa, 84.

5. APPEAL: practice: filing amendment to abstract: leave: time.

For the errors indicated this case is

REVERSED.