FITZGERALD v. EQUITABLE RESERVE FUND LIFE ASS'N.

(*Common Pleas of New York City and County, General Term.* May 6, 1889.)

INSURANCE—MUTUAL—ACTION ON POLICY.

    An action may be maintained on a policy by which the company has undertaken to pay a fixed sum from the "death fund," or from moneys realized to such fund from "mortuary assessments" on all the members, though no such assessment has been made. The omission of the company to make it, where it is shown that there is a sufficient number of members to yield an assessment sufficient to pay the claim, creates an obligation, the same as if the fund were on hand from which to pay the amount of the policy, as, in the absence of proof to the contrary, it will be presumed that the assessment would have realized the full amount.

Appeal from city court, general term. For opinion of the city court on motion for new trial, see 3 N. Y. Supp. 214.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

---

*McAdam & McAdam*, for appellant.    *P. Q. Eckerson*, for respondent.

DALY, J.   This is an action by the widow of John Fitzgerald to recover $2,000 upon a policy of insurance or "certificate of membership" issued to him by the Equitable Reserve Fund Life Association.   On the trial the plaintiff proved the policy, the death of the husband, and proofs of death furnished as required by the policy, the refusal of the company to pay the amount of the policy, and an offer by them of $428.56 in full settlement of the claim. The defendants proved their constitution and by-laws, (which were made by the policy a part of the contract between the parties,) and claimed that their obligation was not an absolute promise to pay $2,000, but to pay from the death fund of the association, which fund was formed by money collected by assessments upon members.   They then proved that there was no money in the death fund except what had been collected by an assessment levied to pay this and other claims accruing up to the date of the assessment; that that assessment produced $11,092.71, and, being apportioned among all the claims, yielded $214.25 per $1,000, or $428.25, for the plaintiff.   They did not show why an assessment sufficient to pay the claims in full had not been made.   It appeared that there was a sufficient number of members to pay, upon an assessment under their contract, the full amount of plaintiff's claim.   By the policy issued to the deceased the company undertakes to pay $2,000 from the death fund or from moneys that shall be realized to such fund from assessments.   The assessment is to be made (upon the occurrence of a death) for such a sum as has been established by the board of trustees, according to the age of each member at admission and the amount of his certificate as per table indorsed upon the policy.   When the death fund is insufficient to meet a claim a mortuary assessment is to be made.   By the constitution it is provided that if the death fund be inadequate to pay claims an assessment shall be made upon the entire membership then in force, the aggregate assessments in any year not to exceed the net cost of insurance upon the membership in force at the face value of the certificates, according to the American Experience Table of Mortality.   The plaintiff having shown that there was a sufficient number of members to yield an assessment sufficient to pay this claim if an assessment had been made, it was incumbent upon the defendant to show why a sufficient assessment was not made.   It was the duty of the company to raise the amount to pay this claim, and to show that they had performed the duty.   They did not propose to do this.   All that they attempted to show was how they apportioned the money that they had in the death fund; what were the death claims, "for whom they held moneys;" and what claims they paid out of the assessment of April 16, 1887, (all which were immaterial;) and to show certain conclusions of the witness (the president of the company) as to the moneys which the company held from the assessment for the account of this policy;" "whether there was any fund for the payment of this claim;" and "what were the number and amount of claims regarded by the witness as payable out of the assessment,"—all which were incompetent. ·  No explanation of the action of the company in collecting by assessment less than was required to pay the death claims, including that in suit, was offered.   The right of the policy-holder to recover the amount insured, even though no assessment has been made, under this form of insurance and certificate, has been sustained in this state, and, I think, properly.   In *Freeman* v. *Society*, 42 Hun, 252, it was held that an omission by the officers of the company to make an assessment which, if made, would produce a fund equal to or greater than the claim, would create an obligation against the society the same as if it had the fund on hand from which to make the payment; that the obligation to raise the fund by assessment when shown to be adequate for that purpose would take the place of the fund in determining the question of liability.   In *O'Brien* v. *Society*, 46 Hun, 426, it was held that if the defendant,

whose duty it was to make the assessment, had refused to perform that duty, and thereby no money was secured from which to make it, the action could be maintained. It was also said that in the absence of proof that an assessment would not have realized the amount of plaintiff's claim, in view of the failure of the company to make the assessment, and in view of the company's ability to show what would have been realized from such assessment, and plaintiff's inability to do so, it might be presumed that the assessment would have realized the full amount claimed. In *Fulmer* v. *Association*, 27 Wkly. Dig. 389, the action was sustained where it was shown that the last assessment made by the company upon its members brought in more than enough to pay the plaintiff's claim.

These cases show that the rule laid down in the authorities cited by defendant, viz., that no action at law can be maintained against the company until it is shown that the defendant has money in its hands, collected by assessment, which it ought to pay the plaintiff, (*Smith* v. *Association*, 24 Fed. Rep. 685, U. S. Cir. Ct. E. D. Wis., and *Bailey* v. *Association*, 27 N. W. Rep. 770;) or that the remedy of plaintiff is by a proceeding to compel an assessment, (*Ranisbarger* v. *Association*, 33 N. W. Rep. 626, and *Association* v. *Sears*, 114 Ill. 108;) or that an action at law could not be maintained without an averment that the assessment had been made and collected, (*Taylor* v. *Relief Union*, Mo. 6 S. W. Rep. 71,)—does not prevail in this state. It is said, however, in the case last cited, that if the complaint in that action had contained an averment that the company had refused to make the assessment, and that, if it had been made, the company could or would have realized the amount of plaintiff's claim, a good cause of action would have been stated for the recovery of the whole sum. This is substantially the doctrine applied in this state, and is wholly fair and reasonable. In the case of *Minton* v. *Society*, (Circuit, BARRETT, J., October, 1887,)[1] cited by appellant, the facts were different from those before us, inasmuch as the assessment was to be levied upon a particular class or division of policy-holders or members, and it was not shown what such an assessment would yield. A mutual insurance company, which contracts to pay death claims from assessments among its members, and to make such assessments upon the occurrence of a death, cannot, as was said in *Freeman* v. *Society*, cited above, "lie by and omit to put in operation the means possessed by it to obtain the fund, and omit payment because of its own neglect of duty. This would be to take advantage of its own wrong, and it would operate as a fraud on the beneficiary under the certificate." The judgment and order appealed from must be affirmed, with costs.