CUSHMAN *v.* FAMILY FUND SOC.

*(City Court of New York, General Term.* January 29, 1890.)

INSURANCE—ACTIONS ON POLICY—CITY COURT OF NEW YORK.

Where an assignment of a life insurance policy by the assured to his creditor, though *prima facie* absolute, was treated by all parties as intended for security merely, and the creditor himself did not claim the entire amount of insurance, but on the death of the assured surrendered the policy and assignment, with the notes which it was intended to secure, on payment of his claim by the insurer, it is not essential that a court of equity should decide that the assignment was intended as security merely, before bringing suit in the city court of New York to enforce payment of the balance of the policy to the representatives of the assured.

On exceptions from trial term.

Action by Florence Cushman, an infant, against the Family Fund Society, to enforce payment of her share under a life insurance policy for $5,000, issued by defendant to William H. Cushman, payable to his personal representatives within 60 days after satisfactory proof of his death. Cushman afterwards assigned the policy to one Engleman to secure a loan. On Cushman's death, his administratrix, desiring to transfer to plaintiff her interest in the policy subject to Engleman's claim, assigned to her and under order of the surrogate a one-third interest in the policy. Engleman, on receiving payment by the company of the amount of his claim, surrendered the policy, with the assignment and notes which it was designed to secure. The plaintiff was nonsuited on the ground that the court had no equitable jurisdiction, which was necessary to entertain the action.

Argued before McADAM, C. J., and EHRLICH, J.

*A. Prentice,* for plaintiff. *George Wilcox,* for defendant.

PER CURIAM. This court certainly had jurisdiction of the subject-matter of the action, and it was not objected by the defendant in its answer that a court of law could not grant the relief necessary to a recovery, nor was it objected that the presence of other parties was necessary to a complete determination of the controversy. The transfer to Engleman, though absolute on its face, was clearly proved to have been delivered as security only, and he himself acted upon this theory when he surrendered the policy, assignment, and the notes it was given to secure, upon receiving the amount of his advances, with interest. He did not claim the entire $5,000, but only his interest in it, to-wit, the amount of his loan; and this is all he received. The evidence, coupled with the acts of Engleman and the defendant, make it clear that the assignment was delivered merely as security, and its purpose was fully answered when the loan was repaid. It thenceforth ceased to be effective for any other purpose. It, figuratively speaking, stepped out of the way, and no longer impeded Cushman's representatives from asserting their rights to their share of the policy. It did not require that a court of equity should decide that the assignment was intended as security only, for all the parties in interest acted upon that assumption, and there was no question for a court of equity to determine. There was no fraud and no mutual mistake requiring correction. All that remained for the defendant to do was to settle with the legal representatives of Cushman for their share of the policy. The defendant failed to perform this duty, and the machinery of a court of justice was found necessary to coerce payment. We have failed to discover any defect of jurisdiction which disables this court from doing the same substantial justice in this case it affords in any other. The main contention, after all, is the purpose for which the assignment was delivered, and it is always competent for a court of law to determine the conditions upon which an instrument is delivered.

For these reasons the exceptions to the dismissal of the complaint will be sustained, the nonsuit set aside, and a new trial ordered, with costs to the plaintiff to abide the event.