## CUSHMAN *v.* FAMILY FUND SOC.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. PARTIES—NON-JOINDER—OBJECTIONS—WAIVER.
   Under Code Civil Proc. N. Y. § 499, where defendant fails to avail himself of a non-joinder of parties by demurrer or answer, he is precluded from subsequently making the objection.

2. ASSIGNMENT OF PORTION OF DEMAND—ACTION BY ASSIGNEE.
   Where a portion of the amount due on a mutual benefit certificate is assigned by order of the surrogate to one of the beneficiaries, the assignee may sue the association to recover the amount assigned to him.

3. MUTUAL BENEFIT CERTIFICATE—ASSIGNMENT—RELEASE.
   Where a mutual benefit certificate has been assigned as collateral security for a loan, and after the death of the assured the association pays such loan, and receives from the lender a release of all his rights under the certificate, which is surrendered by him, this release does not discharge the association from payment of the balance of the certificate over and above the loan.

4. MUTUAL BENEFIT INSURANCE—ACTIONS—EVIDENCE.
   In an action against a mutual benefit association on a bond by which it bound itself to pay $5,000 on the death of plaintiff's intestate, and to that end to maintain a death fund, which should be supplied by additional assessments when depleted, it is not incumbent on plaintiff to show that the fund was sufficient to pay this demand, or that the proceeds of proper assessments would be sufficient.

5. SAME.
   The burden is on defendant, in such case, to show that the death fund had become depleted, and that there was a just reason for maintaining it in that condition.

6. ASSIGNMENT AS SECURITY—EVIDENCE—ACTION AT LAW.
   In an action at law in a court without equity jurisdiction it is competent to show that an assignment, absolute on its face, which is set up as a bar to plaintiff's claim, was made as collateral security for a loan, where no equitable relief is asked in that respect.

Action by Florence Cushman against the Family Fund Society. Defendant appeals from a judgment of the general term of the city court affirming a judgment entered upon a verdict for the plaintiff rendered by the direction of the court. For former opinion, see 9 N. Y. Supp. 272.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*George Wilcox,* for appellant. *A. Prentice,* for respondent.

BISCHOFF, J. Defendant, a corporation organized under the laws of the state of New York, and transacting business as a co-operative or assessment life insurance company, about July 27, 1885, admitted one William H. Cushman to membership, and thereupon issued to him its obligation, designated a "bond." By the terms of this bond the defendant covenanted that it would maintain a death fund out of which the claims of the beneficiaries of deceased members should be paid, and that 80 per centum of all assessments collectible from its members should be applied towards the maintenance of such death fund, the remaining 20 per centum to constitute a reserve fund, which should only be resorted to when the mortuary claims presented should exceed the ordinary risks. Defendant further covenanted that, whenever the death fund should become diminished or depleted, the same should be supplied from assessments to be levied upon its persistent members, and that within 60 days after receipt of satisfactory evidence of the death of the insured it would pay to his legal representatives or assigns, from the death fund at the time of said death, the sum of $5,000. Before his death Cushman, by two different instruments under his hand and seal, assigned his bond to one Engelman, the assignments being in absolute terms, and apparently disposing of all interest in the moneys to grow due thereunder. Some time thereafter Cushman died intestate, and his widow, Annie Cushman, was duly appointed administratrix of his estate by the surrogate of the county of New York. Satisfactory evidence of the death of Cushman having been

given, the defendant Engelman was paid by it the amount of two certain promissory notes made by the insured, with accrued interest, amounting together to $3,110.21, upon which payment Engelman surrendered the bond and assignments, and executed and delivered to the defendant an instrument, under his hand and seal, purporting to be a release of all his rights, claims, and demands upon said bond. The insured had left him surviving Annie Cushman, his widow, and this plaintiff, Florence Cushman, and Douglas Cushman, two children, his only next of kin. Of the face value of the bond, after deducting the amount paid to Engelman, defendant paid to the widow $666.66, an amount equal to one-third of the remainder, with the accrued interest added thereto; and thereupon, under the direction of the surrogate, the widow, as administratrix of the estate of said obligee, William H. Cushman, assigned to the plaintiff one equal third part of all moneys due or to become due from the defendant upon its bond as aforesaid, subject, however, to the claim of said Engelman; to whom, it was alleged in the last-mentioned assignment, the bond had been transferred by the insured as collateral security for the payment of an indebtedness of about $3,000. Claiming under the assignment to her, and alleging the assignment to Engelman to have been as collateral security for the payment of a debt, the plaintiff brought suit in the city court of New York to recover the sum of $629.91, and interest, which amount she claimed to be due her from the defendant, and which in her complaint she alleged the defendant had kept and retained and holds for her benefit. Upon the first trial herein, it appearing from the assignments to Engelman that they were absolute on their face, defendant contended that the action should have been brought in equity; that it was essential to plaintiff's right of recovery that the assignments, in terms absolute, should be decreed to have been intended and given as collateral security only; that such relief could only be had in equity; and the city court, being without equity powers, had not jurisdiction over the subject-matter of the action; and that the same should be for that reason dismissed. A doubt as to his right to entertain the action having arisen in the mind of the trial justice, he directed a dismissal of the complaint, the exceptions in the first instance to be heard at general term, which sustained the exceptions, and ordered a new trial; holding, in effect, that parol evidence tending to show that an instrument absolute on its face was given as security only is admissible in a court possessing common-law jurisdiction only, and that it therefore had jurisdiction to grant plaintiff the relief demanded. See *Cushman* v. *Society*, 9 N. Y. Supp. 272.

Upon the second trial of this action the execution and delivery by the defendant of its bond to William H. Cushman was admitted, the bond itself being admitted in evidence, as were also the assignments to Engelman; the letters of administration on the estate of William H. Cushman, issued to his widow, Annie Cushman; the order of the surrogate directing an assignment to the plaintiff by the administratrix; the last-mentioned assignment to plaintiff; Engelman's receipt to the defendant for $3,110.21, by which he also undertook to release all his "rights, claims, and demands" under the bond in question; proof of the death of Cushman respecting a claim under another bond of the defendant; and a waiver of further proof of death under the bond sued upon. The payment of $666.66 to Annie Cushman was admitted by the answer, and it abundantly appeared from the testimony of plaintiff's witnesses Miller and Kitzenger that the assignments to Engelman were made as collateral security only, and that at the time of the payment to him Engelman disclaimed any greater interest than the amount of his claim against Cushman. Upon the foregoing evidence and admissions the plaintiff rested, and defendant's counsel thereupon moved the dismissal of the complaint, urging as grounds for his motion the following: (1) That the court was without jurisdiction; that, as an essential requisite to plaintiff's right to recover, the court was called upon to adjudge the assignment, absolute on its

face, to have been given for collateral security only, and that such relief could only be granted by a court having equity powers.' (2) That the claim under the bond in question was indivisible, and a suit by the assignee of only a part thereof was not maintainable. (3) That it appears that the defendant was released by an instrument under seal, and that such release cannot be attacked in this action. (4) That there was a non-joinder of parties plaintiff and defendant. (5) That plaintiff has not established a cause of action.

The motion to dismiss was denied, and thereupon defendant's counsel asked the court to direct a verdict for the defendant. This motion was also denied, and on motion of plaintiff's counsel the court directed a verdict for the plaintiff for the full amount claimed, with interest. To the refusal to direct a verdict for defendant, and to the direction of a verdict for plaintiff, defendant's counsel also duly excepted, but made no request to have the facts submitted to the jury. By his request for the dismissal of the complaint, and for the direction of a verdict for the defendant, the defendant must be deemed to have conceded that there were no facts in dispute, and we are therefore only called upon to ascertain whether the facts proved justified plaintiff's recovery. *Winchell* v. *Hicks,* 18 N. Y. 558; *Dillon* v. *Cockcroft,* 90 N. Y. 649; *Ormes* v. *Dauchy,* 82 N. Y. 443; *Muller* v. *McKesson,* 73 N. Y. 195. And if there is any evidence justifying the verdict, the judgment must be sustained. See cases cited above, and *Leggett* v. *Hyde,* 58 N. Y. 272–275; *Koehler* v. *Adler,* 78 N. Y. 287; *Barnes* v. *Perine,* 12 N. Y. 18; *Stone* v. *Flower,* 47 N. Y. 566; *Royce* v. *Watrous,* 7 Daly, 87.

There is no force in defendant's contention that there was a non-joinder of parties. To have availed himself of such an objection, the question should have been raised either by demurrer or answer. See Code Civil Proc. §§ 488, 498. A failure to avail himself thereof by demurrer or answer precludes the defendant from subsequently making the objection. Id. § 499. And the court "may determine the controversy as between the parties to it, where it can do so without prejudice to the rights of others." Id. § 452. And an assignee of part of a demand can maintain an action to recover the portion assigned to him. See *Risley* v. *Bank,* 83 N. Y. 329, and cases cited.

Engelman's release of the defendant in terms undertook no more than to discharge the defendant from liability upon such rights, claims, and demands as he had acquired under the bond. If the bond, and the money to grow due thereon, vested absolutely in him, defendant was discharged from all further obligation. If he had but a qualified interest, his release in plain terms discharged only such interest as he had, and could not operate to release defendant from the payment of any balance remaining after payment of Engelman's demand. Necessarily, then, the validity of this objection to plaintiff's right of recovery is dependent upon the validity of defendant's contention that the assignment to Engelman was absolute. If the latter falls, the former must fall with it.

The foregoing disposes of the second, third, and fourth grounds urged by defendant for a new trial, and for a direction of a verdict for defendant. The fifth ground was to the effect that the facts proved were insufficient to entitle plaintiff to a recovery, and upon the argument of the appeal in support of this contention defendant's counsel maintained that it was ·incumbent upon the plaintiff to show that, upon Cushman's death, the defendant had in its death fund sufficient money to meet the claim under the bond in suit, or that an assessment, if levied by the defendant upon the persistent members, would have produced a sufficient amount. We do not concur in this view. Precisely the· same contract received the careful consideration of the court of appeals in the case cited by defendant's counsel, (*Darrow* v. *Society,* 116 N. Y. 537, 22 N. E. Rep. 1093,) but that case does not go to the extent relied upon by the defendant. It was there contended by the defendant that the beneficiary under· its· bond could not recover in an action for the amount,

upon proof that it had refused to levy an assessment upon its members to meet the claim, and that the only remedy of the beneficiary is in a court of equity to compel the society to levy and collect the assessment. This contention was decided adversely to the defendant, and the decision, so far as can be ascertained from the opinion, did not extend further. In *Munger* v. *Shannon*, 61 N. Y. 251, the defendant had promised to pay plaintiff's demand out of the profits of a copartnership, but he had not bound himself to supply profits, and the court held that, in the absence of proof that there were profits applicable to the payment, plaintiff could not recover. So in Wharton on Contracts (volume 1, § 598,) it is stated that a promise to pay out of a particular fund cannot be enforced if it appears that the fund did not come to the promisor's hands, and its non-reception is not attributable to the promisor's neglect. In *O'Brien* v. *Society*, 46 Hun, 426, the promise was to pay to the beneficiary "all the amount realized from one assessment, not exceeding two thousand dollars," and the court held that to establish a cause of action it was incumbent upon the beneficiary to show that an assessment had been levied, and realized moneys applicable to the payment of his claim, or that if such assessment had been levied it would have realized moneys so applicable. Such was substantially the contract in *Martin* v. *Association*, 55 Hun, 574, 9 N. Y. Supp. 16.

It will be seen, from an examination of the bond upon which the present claim is founded, that its provisions differ essentially from the contracts sued upon in the cases cited. Here the defendant was bound to create and maintain a death fund, and from time to time to replete it by a contribution of 80 per centum of the amount realized from assessments levied upon the persistent members, and its obligation was to pay $5,000 absolutely and unconditionally out of the death fund at the time of the insured's death, to his beneficiary, within 60 days after receipt of satisfactory evidence of the death of the insured. The promise was not to pay out of assessments to be levied and collected from persistent members for the express purpose of meeting the claim of the particular beneficiary, but out of a fund which it had contracted to create and maintain for the purpose of such payment. In such a case, failure of proof of the existence of a death fund applicable to the claim of the beneficiary can furnish no excuse for its non-payment, unless it be conceded that the defendant may do what in *Freeman* v. *Society*, 42 Hun, 252, approved by this court in *Fitzgerald* v. *Association*, 5 N. Y. Supp. 837, the court say it should not be permitted to do,—"lie by and omit to put into operation the means possessed by it to obtain the fund, and omit payment because of its own neglect of duty. This would be to take advantage of its own wrong, and it would operate as a fraud on the beneficiary under the certificate." *La Manna* v. *Accident Co.*, 10 N. Y. Supp. 221, is directly in point, and the beneficiary was held to be *prima facie* entitled to recover the amount stated in the policy. See, also, *Harl* v. *Insurance Co.*, 36 N. W. Rep. 880; *Risley* v. *Smith*, 64 N. Y. 582. We are therefore of the opinion that the liability under the obligation in the present case is radically different from that in *O'Brien* v. *Society*, above cited, and similar cases, and that it was incumbent upon the defendant to show that the death fund was depleted, with a sufficient excuse for its maintenance in that condition, and that, in the absence of such proof, the defendant was liable for the face value of its bond. It was said in *O'Brien* v. *Society*, above cited, that in the absence of proof of the levy of an assessment for the purpose of meeting the claim presented, "and in view of the failure of the defendant to make the assessment, and of the defendant's ability to show what would have been realized from such assessment, and plaintiff's inability to do so, it might be presumed that the assessment would have realized the full amount" of the obligation. In the present case, however, there is some evidence to support the claim that defendant, at the time of the death of Cushman, its member,

did have sufficient funds applicable to the claim which had accrued to the beneficiary under the bond issued to him. The facts of the payment to Engelman, when he asserted his claim, and of the payment of one-third of the remainder to Annie Cushman, the widow of the insured, we think are sufficient to support an inference that the amount requisite to meet the obligation of the defendant under its bond had been properly appropriated, and that the other two-thirds remaining after payment to Engelman were, at the time of Cushman's death and the presentation of the claims under the bond to him, in the possession of the defendant. So, also, while there may not be ample evidence that at the time of the assignments to Engelman the latter distinctly and explicitly received the instruments as collateral security only, still the fact that the attorney and agents employed by him in the collection of his demand, at the time of the payment thereof, asserted only the qualified interest of a creditor of the obligee in the money due on the bond, sufficiently shows that the assignments were not intended to vest the absolute ownership of the bond, and the money due and to grow due thereunder, in Engelman. These assertions amount to declarations against the pecuniary interest of Engelman made by him, or those representing him, and are therefore admissible to prove his interest. *Livingston* v. *Arnoux*, 56 N. Y. 507; *Bridge Co.* v. *Paige*, 83 N. Y. 178, 192; *Low* v. *Hart*, 90 N. Y. 457.

The only remaining ground urged on the motion for a nonsuit, and on this appeal, for reversal of the judgment, is that the city court did not have jurisdiction of this action, as it involved the determination that the assigment of the policy to Engelman, which was absolute on its face, was intended merely as security,—a determination which it is urged could only be had in a court possessing equity jurisdiction. The answer to the objection is that the plaintiff did not invoke the exercise of equity powers or jurisdiction. She sued at law for a money judgment for the sum remaining in the hands of defendant after satisfying Engelman's demand under his assignment. It is competent to show in an action at law that a conveyance absolute on its face was made as security. Resort to equity is not necessary, unless equitable relief is demanded. If the defendant had not paid Engelman, and the latter claimed as against his assignor the whole proceeds of the policy under form of his assignment, an action in equity might be proper to declare his rights thereunder. But if Engelman had collected the whole proceeds of the policy, and was sued for money had and received over and above his debt, it could be shown in such an action that the assignment was security for a debt, and that his debt had been satisfied. So it may be shown now, in an action against the company for the balance of the policy unpaid after satisfying Engelman; for "a deed or conveyance absolute on its face, if really only intended to secure a debt, is deemed in equity and at law a mortgage." *Murray* v. *Walker*, 31 N. Y. 399; *Barry* v. *Insurance Co.*, 110 N. Y. 4, 5, 17 N. E. Rep. 405. Judgment should be affirmed, with costs.