GYLLENHAMMER v. HOME BEN. SOC. OF NEW YORK.

(Common Pleas of New York City and County, Trial Term. June, 1893.)

MUTUAL BENEFIT INSURANCE—INTERPRETATION OF POLICY.

A policy in a mutual benefit society provided that the society would "pay the sum of $5,000 from the mortuary fund, as hereinafter provided," and that all claims on the mortuary fund, arising between stated intervals of assessment, should be paid pro rata out of the next succeeding mortuary call, "but not to exceed the face of each certificate." Held, that there was no ambiguity, so as to render applicable the rule that a policy should be construed most strongly against the insurer, and thereby impose an absolute liability on the society for $5,000, but it was liable only for the pro rata part of the mortuary fund where it appeared that the reserve fund was not available.

Action by Charles N. Gyllenhammer against the Home Benefit Society of New York to recover $5,000 upon a certificate in the defendant society. After a verdict in favor of plaintiff for the face of the certificate, defendant moves, under stipulation, that its actual value may be established according to law.

J. Edward Swanstrom, for plaintiff.

Mooney & Shipman, (Charles Blandy, of counsel,) for defendant.

GIEGERICH, J. The principal question litigated on the trial of this cause was whether the plaintiff was entitled to recover at all. In case he was, it was stipulated between the parties that the jury might render a verdict for the face value of the policy, with interest, but that the real value of the same should be ascertained and fixed after the rendition of the verdict. The jury rendered a verdict in favor of the plaintiff for the full amount claimed, and the parties have since appeared before me upon the hearing had as to the value of the policy. The issue, as first tendered and accepted in the action, seems to have been lost sight of upon the present application. The pleadings deal with the amount in the mortuary fund which can be applied to the payment of this claim, and plaintiff alleges such amount collectible under the constitution and by-laws of the company, according to the terms of the contract, to be sufficient to cover his claim. The answer puts this in issue, and the proof thereunder, as adduced at the said hearing, subsequent to the trial, shows the amount collectible, according to the contract as read by the company, to be but $1,048.30. Therefore, at this stage of the action, an interpretation of the contract being called for, it is necessary to determine whether such contract is really to be taken as express, excluding all provisions therein contained which modify defendant's liability, or whether the amount shown to be collectible to the mortuary fund, under the issue raised by the pleadings, is the proper measure of the plaintiff's recovery.

The argument in support of the contention that the plaintiff is entitled to the full value of the policy proceeds upon the theory that the familiar principle of strict construction being given to a policy of insurance, as against the insurers, should be applied, and that the words which restrict the defendant's liability should be disregarded for ambiguity; citing Wadsworth v. Jewelers' & Tradesmen's Co., 132 N. Y. 540, 29 N. E. Rep. 1104. The policy under consideration sets forth the company's obligation to pay "the sum of five thousand dollars from the mortuary fund of the society, and not otherwise, except from the reserve fund as hereinafter provided." The conditions of the contract immediately follow, and provide that all claims upon the mortuary fund, arising between the stated intervals of assessment, are to be paid pro rata out of the next succeeding mortuary call, "but not to exceed the face value of each certificate." The company is conducted upon the theory of a mutual benefit association, and the liability of each

member for death claims is fixed by the terms of the policy. It is shown that the reserve fund is not available. The Wadsworth Case, above cited, deals with a policy which was certainly framed in an ambiguous manner. Another element was added to the body of that policy, in providing for the payment of claims, viz. the application of the avails of one assessment, should the mortuary fund be insufficient to meet the claim. The decision in that case merely holds that these two sources of payment were to be taken as conjunctive, and not alternative, that being the natural interpretation of the contract. The opinion then goes on to consider the company's constitution and by-laws, and construes an obscure clause, which might very readily be read in two ways, taking that reading more favorable to the plaintiff. There is no inference that the company could have been held to the face value of the policy, irrespective of the amount collectible under its provisions as naturally understood by the insured. La Manna v. Accident Co., (Sup.) 10 N. Y. Supp. 221, dealt merely with a case where there was a lack of proof as to circumstances whereby the restrictive provisions would be operative, and held that a verdict for the full amount was properly rendered. The principle that words which restrict the insurer's liability are to be construed strongly against him, and are to be taken according to the natural understanding of the parties, is applied to cases where a technical use of terms, or an obscurely worded or hidden restriction, is invoked to absolve the insurer from his liability according to the fair terms of the contract. There is no authority for the proposition that an insurer cannot fairly contract to make the payment from a certain fund collected from certain specified sources; such payment to be in the full amount set forth, or pro rata with other claims, according to the condition of the fund. In the contract under consideration there is no ambiguity as to the above terms, and certainly a peculiar or technical knowledge is not requisite to a reasonable construction of the provisions therein set forth. It was merely necessary to read the whole instrument. A contract of insurance is interpreted by the same rules as other contracts, (May, Ins. § 172,) and there is nothing in such an agreement more sacred or inviolable than there is in an agreement concerning any other subject-matter, (Id.) I conclude that there is nothing in the terms of this contract which would justify an interpretation prejudicial to the defendant. Accordingly the value of the policy in suit is fixed at $1,048.30.