P. W. Delle v. State Mutual Hail Insurance Company of Faribault County, Minnesota, Appellant.

Action on a Mutual Hail Policy: PAYMENT OF LOSSES: WHEN JUDGMENT FOR FULL AMOUNT WILL STAND. In an action on a mutual hail policy which provides full loss indemnity from a general fund to be provided by assessment of members, except in case the total losses exceed such amount so collected, then losses to be paid *pro rata*, the burden of proof is on the company to show insufficient funds to pay losses in full, and in the absence of such showing a judgment for full amount of a loss will stand.

*Appeal from Dickinson District Court.*—Hon. W. B. Quarton, Judge.

Monday, January 26, 1903.

Action for loss under insurance policy issued by defendant. The case was tried to a jury, and a verdict returned for plaintiff, on which judgment was entered. Thereupon the defendant moved for a new trial, which was denied, and it appeals.—*Affirmed.*

*Milt H. Allen* for appellant.

*L. E. Francis* for appellee.

Ladd, J.—The defendant is a mutual insurance company organized under the laws of Minnesota for the purpose of providing indemnity "against loss or damage to growing crops by hail storms" occurring at any time between April 1st and September 15th of each year. A policy for the term of five years from June 19, 1900, was issued to plaintiff, under which a loss was suffered about September 14th of the same year. The petition alleged these facts, together with proper proofs of loss, and asked judgment for damages. The defendant, in its answer,

merely put in issue the happening and the amount of the loss, and by way of counterclaim demanded judgment for the unpaid assessment of 1900, alleged to have been duly and legally made. The case was submitted to the jury, and judgment rendered against the defendant for the amount of the verdict returned. The point that the petition contained no averment that defendant had any fund out of which to pay the judgment, or of the amount likely to be produced by an assessment of the members, was first made in the motion for new trial. The loss of plaintiff to the extent fixed by the verdict is not questioned. Ought judgment to have been rendered for more than nominal damages? Notwithstanding a company may be mutual in character, judgment is properly entered if it can be said that it stipulated for the absolute payment of damages, not exceeding a specified sum. *Harl v. Insurance Co.*, 74 Iowa, 39; *Congower v. Association*, 94 Iowa, 499; *Follis v. Association*, 94 Iowa, 435; *Matthes v. Association*, 110 Iowa, 222. In the last case it was held that the policy of such company, even in event of any ambiguity, is to be most strongly construed against the company. These cases have been frequently distinguished from others like *Bailey v. Association*, 71 Iowa, 689, in which payment of the proceeds of an assessment not exceeding a fixed sum is stipulated. Of course, recovery cannot be had under such a contract until the assessment has been made.

There is still another line of cases in which a mutual company is *prima facie* liable for a loss not exceeding a fixed sum, with certain stipulated exceptions, of which *Hart v. Association*, 105 Iowa, 724, is an example. In that case it appeared that the claim was not necessarily to be paid from the proceeds of an assessment made for that especial purpose. The certificate stipulated for the payment of fixed sums, not to exceed in amount the sum which would be realized from one quarterly assessment of two dollars collected from those who are members of the

association at the date of the accident, and the court held "that it must be presumed, in the absence of a showing to the contrary, that the sum which would be realized would be sufficient to pay the sum for which the certificate provides; and that, if it would not be sufficient, it is necessary for the defendant, in order to reduce the amount of plaintiff's recovery, to plead and show the fact."

The rule thus announced is decisive of the case at bar. The by-laws require immediate notice of loss, and that proof thereof shall be received by the secretary within eight days thereafter. Provision is made for the adjustment of losses, and an annual levy of an assessment on all members after September 15th of each year, "which assessment shall be for all losses and damages and all expenses of the company for the year in which such assessment is made, and not exceeding one-half of one per cent. for a guaranty fund." The members are to be duly notified. All assessments are payable before October 1st of the same year, and losses are to be paid by December 1st following. It is further stipulated that: "Any member of this company who shall sustain any loss or damage to any crop by hail for which this company shall be liable by reason of its policy issued to such member, such member shall be entitled to a full compensation of such loss or damage not to exceed the full amount of his policy: provided, however, that the full amount of all losses and damages sustained by all members in each year, together with the expenses of the company for the same year, do not exceed the full amount collected on assessments for the same year, and in case that the full amount of all losses and damages, together with all expenses, exceed the full amount collected on assessments for the same year and seventy-five per cent. of the guaranty fund, if any there be, then and in that case all losses and damages shall be paid *pro rata*, and such *pro rata* payments shall be received by such members in full satisfaction."

It appears from the counterclaim on which defendant recovered that the annual assessment was levied.    Under the rule of *Hart's Case* the burden was on the defendant to show, if true, that not enough had been realized therefrom to pay the losses in full.    Knowledge of the number and the amount of risks, and the sums received on assessments, and the guaranty fund was peculiarly within its keeping, and unknown to plaintiff.    Having stipulated for the payment of full indemnity, not exceeding a sum named, from a general fund, save upon specified contingencies, such indemnity, in the absence of pleading and proof of conditions by the insurer, obviating or reducing it, should be awarded.—AFFIRMED.