PEOPLE v. ANDERSON.

(Supreme Court, Appellate Term. March 10, 1910.)

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the People against Thomas Anderson. From a judgment dismissing the complaint after trial by the court without a jury, plaintiff appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Edward R. O'Malley (Jacob Frank, of counsel), for the People.
Louis Hanneman, for respondent.

PER CURIAM. Judgment affirmed, with costs.

GOFF, J. (dissenting). The intent of the Agricultural Law is to prevent fraud by sellers upon purchasers of articles of food. Where a purchaser calls for an article of a certain quality or description, and the seller delivers to him an article of another quality or designation, the purchaser does not receive that which he called for, and where the seller knowingly and willfully gives to the purchaser an article of food other than and a substitute for that which the purchaser has called for, he violates the law both in the letter and in the spirit. It is clearly prohibited by law to sell an imitation under the distinctive name of another article. Agricultural Law (Consol. Laws, c. 1) § 201. Here the purchaser asked for lard, and, with the knowledge of the seller, received a thing that was not lard. Defendant's clerk wished to stamp the package "compound lard." In offering to do so, he offered to misbrand it. Lard is "the melted and strained fat of swine" (Encyclopædia Americana). If "compound lard" means anything, it means a kind of lard. What was sold was a combination of beef fat and cotton seed oil. The chemist who analyzed the substance sold testified as a fact that it was not lard, but a substitute.

There was sufficient evidence to connect the defendant with the particular offense complained of. Apart from the admission of an employé in charge of the store, his name was displayed on a signboard over the entrance, which, taken with the evidence before alluded to, constituted prima facie evidence of proprietorship and authorization of the acts of his salesman. Low v. Hart, 90 N. Y. 457; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353. The quality of evidence required to convict an accused of crime differs from that sufficient to sustain a civil action for a penalty. In the one case, there must be evidence beyond a reasonable doubt. In the other, a fair preponderance is sufficient. Intent was not an essential. The sale was malum prohibitum, and consequently the act constituted the violation. Defendant must be held to have intended to do that which he did do, or which he empowered his salesman to do. I think there was sufficient evidence to connect defendant with, and hold him responsible for, the transaction complained of.

The judgment of dismissal should be reversed.