[The following opinions were retained on petitions for re-hearing, and did not come into my hands in time for insertion in their chronological order.—Reporter.]

## BAILEY ET AL. V. THE MUTUAL BENEFIT ASSOCIATION.

1. **Practice on Appeal:** ABSTRACT: EVIDENCE: PRESUMPTION. Where appellant's abstract purports to be an abstract of all the evidence, this court will, in the absence of an additional abstract by the appellee, assume that the evidence was made of record, and that it is before the court.

2. **Life Insurance:** DELAY IN PAYING ASSESSMENT: FORFEITURE WAIVED. Although defendant had a right to declare the insurance in question forfeited on account of the failure to pay an assessment, yet such forfeiture was waived by afterwards, before the death of the assured, receiving the assessment and retaining it; and it makes no difference that the assessment was demanded and received by mistake, while the intention was to regard the insurance as forfeited.

3. ————: ASSESSMENT PLAN: REMEDY ON CERTIFICATE. Upon a certificate entitling the beneficiary to the net proceeds of one full assessment upon the members of the company in good standing, where it appears that the company has no funds to pay a loss except as it is raised by an assessment specially made for that purpose, *held* that an action at law against the company for what would be realized by such an assessment could not be maintained, without averring and proving that such assessment had been made, and the amount thereof. BECK, J., *dissenting*.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY, APRIL 21, 1886.

ACTION to recover upon a certificate of membership in the defendant company. There was a trial to the court, and judgment was rendered for the plaintiff. The defendant appeals.

*Flickinger Bros.*, for appellant.

*M. Remley* and *C. H. Scott*, for appellees.

ADAMS, CH. J.—The plaintiffs aver that they are the legal

heirs of Vincent J. Bailey, deceased; that he died intestate; and that at the time of his death his life was insured in the defendant company by a contract by which it agreed to pay his heirs "the net proceeds of one full assessment upon all members in good standing at his death, not to exceed $3,000." The defendant pleaded a general denial, and also that the contract of insurance had lapsed by non-payment of an assessment.

I. Before proceeding to the determination of the other questions involved, it is proper that we should say that the plaintiff filed a motion to strike the evidence from the abstract, because it does not appear that the evidence was incorporated in any bill of exceptions properly signed by the judge. By an amendment to the abstract, the defendant sets out two certificates made by the trial judge, from which it appears that a bill of exceptions was signed. The abstract purports to be an abstract of all the evidence, and, in the absence of an additional abstract of the appellee, we must assume that the evidence was made of record, and that it is before us.

*1. PRACTICE on appeal: abstract: evidence: presumption.*

II. As to whether there was a default by the deceased in the payment of an assessment we need not determine. There was evidence tending to show that before the death of the deceased the company received the amount of the assessment. The court below, we may presume, so found, and the evidence was sufficient to sustain the finding. It is, to be sure, insisted by the defendant that the money was demanded and received by mistake, the real intention being to regard the certificate as forfeited. But we do not think that such mistake, if made, could be regarded as material. The defendant received and held the money until after the death of the deceased, and he had a right to regard the contract as in force, regardless of any intention of the defendant to the contrary.

*2. LIFE insurance: delay in paying assessment: forfeiture waived.*

III. The contract called for the net proceeds of an assess

ment, not to exceed $3,000. The assessment contemplated, it

3. ——: assessment plan: remedy on certificate.

appears, is an assessment made in advance of the death which gives rise to the liability. Article fourteen of the articles of incorporation is as follows: " The amount due and payable under any certificat ᐟ of membership by reason of death of the member named therein shall be the net amount collected on the advance assessment previous to the death of a member, and . received at the principal office of the association, which amount shall, in no case, exceed $3,000.". There is no pretense that there is any averment in the petition as to what the proceeds of an assessment were, as called for by the certificate, nor what the net amount of an assessment was, as provided .in the articles of incorporation, nor that there was an assessment at all. The plaintiffs, indeed, claim that there was no assessment, and their theory is that they are entitled to recover outside of the terms of the contract, to-wit, the gross amount of what an assessment would have been if it had been made. But, in our opinion, their position cannot be sustained. This is a mutual association. It does not appear that it has any funds with which to pay claims except the proceeds of assessments. One assessment, and only one, can be made to pay one claim, and each assessment, when made and collected, becomes a special fund, and this fund is virtually appropriated in advance. In the absence of an assessment made for the payment of the claim in question, it would be impossible to pay it without using a special fund, virtually otherwise appropriated, for the payment of another claim. If it be true, as contended, that no assessment was made to pay the claim in question, the plaintiffs, probably, are not without their remedy. But their remedy is, manifestly, not an action at law to recover what would be the amount of an assessment if made. In an action at law upon the certificate the plaintiffs must bring themselves within the terms of the certificate. They have not done so, either by the averments of their petition, or by evidence introduced. They rely upon

*Neskern v. Northwestern Endowment Ass'n*, 30 Minn., 406; but the contract appears to have been materially different.

The judgment of the court below must be

REVERSED.

BECK. J., (*dissenting*.) The policy obligates the defendant to pay to the heirs of the assured "the net proceeds of one full assessment, at schedule rates, upon all the members in good standing at the date of said death, [of assured,] to an amount not to exceed $3,000." Article fourteen of the articles of incorporation provides as follows: "The amount due and payable under any certificate of membership, by reason of the death of the member named therein, shall be the net amount collected on the advance assessment previous to the death of a member, and received at the principal office of said association, which amount shall in no case exceed $3,000." The by-laws of defendant contain the following provisions:

"Sec. 19.　One assessment shall be paid in advance. No assessment will be made when the funds in the treasury are sufficient to pay a matured claim."

"Sec. 21. Dues and assessments must be paid within thirty days from date of notice. If not paid within the time specified, the certificate will lapse, and all money paid shall be declared forfeit, and the mutual obligations shall cease."

The evidence shows that at the date of the death of the assured the number of members was 1336. The assessment was one dollar upon each member. There was evidence showing that each member paid the advance assessment; yet, in the absence of evidence that such assessment had not been paid, it is to be presumed that the laws of the association were obeyed, and that each member paid his assessment in advance of the death of any member, thus keeping in the treasury of the defendant a sum equal to one dollar for each member. This presumption surely arises, and it was the

duty of defendant to show, by proof, that the facts were otherwise. Plaintiff was not required to add proof to this presumption. The circuit court well found that there was in the treasury of the defendant $1,336, which, under the policy, it had contracted to pay to the heirs of the insured. It will be observed that this contract is not conditional upon payment of assessments by the members. It is absolute. A judgment, therefore, was properly rendered against defendant for the sum presumed to be realized from the assessments.