ABBIE CONGOWER V. THE EQUITABLE MUTUAL LIFE AND ENDOWMENT ASSOCIATION, Appellant.

| | |
|---|---|
| 94 | 499 |
| 103 | 65 |
| 94 | 499 |
| 119 | 174 |
| 94 | 499 |
| 121 | 729 |
| 121 | 731 |
| 123 | 198 |
| 123 | 538 |
| 94 | 499 |
| f125 | 564 |
| 94 | 499 |
| 131 | 212 |
| 94 | 499 |
| e133 | 80 |
| 94 | 499 |
| 140 | 564 |
| 142 | 332 |

**Policy: Construction.** A covenant to pay assured "his full share of the endowment fund and not exceeding $1,000, it being hereby declared to be the design and purpose of this association to provide the full sum of $1,000 for each insurance certificate," is merely an agreement to pay the holder his share of the endowment fund of the association, not exceeding one thousand dollars.

**SAME.** Words endorsed on a policy by the insurer merely to indicate the nature of the paper, are not part of the policy.

**Practice.** Whatever the rule of *evidence* and as to presumptions and burden of proof may be, one who sues on such a contract must plead the amount of his share in such fund.

**PREMATURE SUIT.** A petition alleged that, at the insurer's request, plaintiff accepted one policy for another. No action arose on either until ten years from date. No fraud was charged or reformation prayed. *Held,* an action brought before ten years after the issuance of the second policy, is premature.

**Parol Variance.** Oral representations, indicating the understanding of the parties, made about the time one policy is issued, are not admissible to vary a second issued in its stead.

*Appeal from Black Hawk District Court.*—HON. J. L. HUSTED, Judge.

WEDNESDAY, MAY 15, 1895.

Action at law to recover an endowment upon certificates in the defendant association. The lower court overruled a demurrer to the plaintiff's petition, and rendered judgment against defendant for the sum of one thousand dollars, and defendant appeals.— *Reversed.*

*J. J. Tolerton* and *Boies, Couch & Boies* for appellant.

*Rickel & Crocker* and *Alford & Gates* for appellee.

Deemer, J.—The petition alleges, in substance, that in January, 1882, the defendant issued to plaintiff a certificate of membership, in which it agreed to pay, in case of death, the proceeds of one full assessment, not exceeding two thousand five hundred dollars, and, as an endowment, the following: "Endowment Claim. Upon surrender of this certificate by the aforesaid member or a legal holder, after having been kept in force for a period of ten full years, the Equitable Mutual Life and Endowment Association will pay to said member or legal holder his full share of the endowment fund of said association, not exceeding one thousand dollars; it being hereby declared to be the design and purpose of this association to provide the full sum of one thousand dollars for each matured certificate." That in January, 1884, at defendant's request, she surrendered her certificate, and was induced to accept another of like import under date of January 18, 1884. That, at the time she became insured in the defendant company, it was represented to her, by the association and its agents, that if she would keep the same good by paying all assessments and dues, and should survive for ten years, she would be entitled to receive from the company the sum of one thousand dollars. That, relying upon such statements and representations, she accepted the certificates, and has paid all dues and assessments thereon. That she did not know defendant would not pay the one thousand dollars endowment until March, 1892, when she was so informed by its officers. That she made demand of defendant for the one thousand dollars endowment in October, 1892, which was refused. And she asks judgment for one thousand dollars, which she alleges is her due from the endowment fund. On the back of the policy was the following: "Register

date of membership, January 1, 1882," and the
following, printed in large letters and figures, to-wit:
"Insurance ...........................$2,500.00
Endowment .........................$1,000.00"

The defendant first moved the court to strike out
all the allegations as to statements made by the com-
pany or its agents relating to the effect of the
contract, and, its motion being overruled, it then
demurred to the petition upon the grounds:
*First*. That the petition shows that plaintiff is entitled
to recover, if at all, her share only of the endowment
fund, not exceeding one thousand dollars; and that it
fails to show that the association has any endowment
fund, and fails to show what her share of the fund is.
*Second*. That it fails to show that any fraud was perpe-
trated upon plaintiff, and fails to show any damage, if
fraud were pleaded. *Third*. The petition shows that all
the alleged representations were merged in the written
contract, and such representations afford no ground
for relief. *Fourth*. The petition shows that plaintiff
was fully advised of the terms of the contract, or, if
not so advised, that she was negligent in not learning
them. *Fifth*. That the alleged representations were
made at or about the time of the making of a certain
contract in writing, which is not the one sued on, and
that the one sued was made and accepted by plaintiff
in lieu of the original, and that the representations
constituted no part of the one sued on, and did not
induce the acceptance thereof. This demurrer was
overruled, and, the defendant electing to stand thereon,
judgment was rendered against it for the sum of one
thousand and ninety-one dollars and sixty-seven cents,
with costs. This ruling is the subject of several assign-
ments of error which fairly present the question as to
plaintiff's right to recover, under the allegations of her
petition.

The petition is a peculiar one. As we understand it, the action is predicated upon the certificate issued by the defendant company on the eighteenth day of January, 1884. This must be so, because it is expressly alleged that plaintiff surrendered her first certificate, and was induced to accept another in lieu thereof. This appears to have been a voluntary relinquishment of all claims under the first certificate. It is not claimed that any fraud was practiced to induce her to surrender it, nor is there any attempt to reform either of the contracts. The action is not bottomed upon an oral policy of insurance. Moreover, if it were, the petition shows that the oral contract was merged into written ones, and no attempt is made to set either one aside. Nor is the action based upon fraud or false representations. Recovery, then, must be upon the agreements contained in the second certificate, if it can be had at all. The promise therein stated is "to pay said member or legal holder his full share of the endowment fund of said association, not exceeding one thousand dollars; it being hereby declared to be the design and purpose of this association to provide the full sum of one thousand dollars for each matured certificate." As we have seen, the action is upon the second certificate, and it is perfectly manifest that it had not matured at the time this action was commenced. The certificate was issued on January 18, 1884, and the petition was filed February 24, 1893. Appellee's counsel have argued the case as if it were predicated upon the first certificate, and contend that the promise therein contained is an absolute one to pay one thousand dollars at the end of the endowment period, or, if not absolute, that the contract is ambiguous, and, as plaintiff under-

stood it to contain such promise, as defendant well knew, she is entitled to recover, under section 3652 of the Code. We do not think the contract can be so interpreted as to make it an absolute promise to pay one thousand dollars as an endowment, without doing violence to nearly all the established tenets of construction. Taking the instrument by its "four corners," and looking to the language used, it seems to us to do no more than promise to pay plaintiff her share of the endowment fund of the association, not exceeding one thousand dollars. The latter paragraph we have quoted is not a promise, and in no manner qualifies the agreement. It merely expresses the hope, design, or intention of the company, and, if standing alone, would be of no effect whatever. It is said, however, that the last clause, together with the words written and printed on the back of the certificate, render the contract ambiguous, and pave the way for the introduction of parol testimony to explain it. We do not think the words quoted from the body of the policy render the promise ambiguous; and it seems to us that the marginal annotations have no effect upon the plain letter of the contract embodied in the face of the certificate. These annotations were clearly not intended by either party to become part of the contract, and they are not so connected with it in sense as to become a part of it. They were evidently placed there as memoranda, indicating, in a general way, the nature of the paper, in order to identify it. There was nothing in them to justify plaintiff in the belief that there were no words of limitation in the body of the policy, or that the contract was an absolute one to pay one thousand dollars. See *Upton v. Tribilcock*, 91 U. S. 45; *McQuitty v. Insurance Co.*, 15 R. I. 573, 10 Atl. Rep. 635. It is quite clear that section 3652 has no application to this case. It seems to us

that the employment of the well-known rule, that, in the absence of fraud, accident, or mistake, a contract is to be understood by the language employed therein, and not according to the views of its meaning entertained by the person who drew it, is decisive of this branch of the case. Courts will not reform the plain language of a contract to make it conform to the notion of one of the parties executing it. To do so would reduce to uncertainty that which is certain, and make ambiguous that which is plain. It is true, no doubt, that as defendant promised to pay plaintiff her share of the endowment fund, courts should presume that it had such fund, and it may be unnecessary to plead the existence thereof in the petition, in view of the terms of the contract. But there is no presumption as to the amount of her share of such endowment fund. The contract is explicit, in that it agrees to pay plaintiff her share of the endowment fund, not exceeding one thousand dollars,—not one thousand dollars as her share of the endowment fund,—or so much thereof as she may be entitled to. The case is in some respects not unlike *Bailey v. Association,* 71 Iowa, 690; *Newman v. Association,* 72 Iowa, 242; *Tobin v. Society,* 72 Iowa, 261. It differs materially from *Association v. Houghton,* 2 N. E. Rep. (Ind.) 763; *Lueders' Ex'r v. Insurance Co.,* 4 McCrary, 149, 12 Fed. Rep. 465; *Association v. Whitt,* 14 Pac. Rep. (Kan.) 275. But, if there is no distinction in principle between the case at bar and those last cited, we have, in the *Bailey* and *Newman Cases, supra,* refused to adopt the broad rule therein promulgated. In order that plaintiff may recover more than nominal damages in an action upon the first certificate, it is necessary for her to plead the amount of her share in the endowment fund in the defendant association. It may be well to say that the question as to presumptions, and as to

where the burden of proof lies, is not made or discussed by counsel, and that we are not to be understood as holding that the burden is upon the plaintiff to show the amount of this fund and her share thereof, when issues are properly joined. It may be that, as knowledge of this fact lies peculiarly within the defendant, the burden is upon it. Upon this point we express no opinion. The rule, in any event, is one of evidence, and not of pleading.

II. The prior representations and statements of defendant's officers and agents set forth in the petition, under familiar rules, became merged in the written contracts upon which the action is founded, and cannot be proven to contradict or vary their terms. These statements, as has been observed, are not pleaded to show fraud on the part of the defendant, and are not made the basis of the action. They are referred to simply as indicating the understanding the parties had of these contracts. As we have seen, they can add nothing to the effect to be given them, nor can recovery be had thereon. It follows from what we have said that the lower court erroneously overruled the demurrer, and the judgment is *reversed.*