Argued April 16, decided April 22, 1913.

# PATTON v. WOMEN· OF WOODCRAFT.*

(131 Pac. 521.)

**Appeal and Error—Review—Denial of Nonsuit.**

1.   Where, after the denial of a nonsuit, defendant introduced evidence and the court directed a verdict for plaintiff, the supreme court, in determining whether the nonsuit was properly denied, could examine the whole of the evidence contained in the bill of exceptions, even if insufficient to be submitted to the jury.

**Appeal and Error—Harmless Error—Exclusion of Evidence.**

2.   In an action on a benefit insurance certificate, defended on the ground that the member was suspended for nonpayment of assessments and not reinstated, the grand clerk of the order testified that in the local clerk's report for March the member was returned as delinquent; that subsequent assessments were returned by him because of such delinquency until the local clerk furnished an affidavit that the March assessment was paid, but that she failed to remit it with the report, whereupon the assessments were accepted and retained. Defendant offered a letter written by the local clerk, stating that she received the assessment for January and February through the clerk of an affiliated organization; that before making her report for March she telephoned the clerk of such organization, asking him if he intended remitting for the member, and was told that he would be reported delinquent; that the member was entitled, under the by-laws, to have his assessment for_ March paid by the local circle, but that this was not done because members became delinquent as soon as suspended by the other organization; and that when she learned that such member was not suspended the affidavit was made to straighten up the matter. *Held,* that the exclusion of such letter was not prejudicial to defendant, since it merely explained the matter more thoroughly and did not tend to show that the affidavit was false, and defendant might have called the local clerk as a witness, or have taken her deposition.

**Insurance—Action on Policies—Burden of Proof.**

3.   In an action on a benefit certificate, where defendant pleaded that the member was suspended for the nonpayment of certain assessments and not reinstated, defendant assumed the burden of showing that such assessments were not paid prior to the member's death.

[As to necessity of notice to member of benefit society to pay dues or assessments in order to render member delinquent, see note in Ann. Cas. 1912D, 677.]

**Insurance—Actions on Policies—Sufficiency of Evidence—Questions for Jury.**

4.   In an action on a benefit insurance certificate, where the undisputed facts showed that the assessments, the nonpayment of which

---

*On the question of waiver by officers of subordinate lodge of forfeiture for nonpayment of assessments, see notes in 4 L. R. A. (N. S.) 421 and 38 L. R. A. (N. S.) 571.—REPORTER.

65 Or.—3

was claimed to have resulted in suspension, were, after being sent back and forth several times between the grand clerk and the local clerk, accepted prior to the member's death, there was no question for the jury, and a verdict for plaintiff was properly directed.

Insurance—Nonpayment of Assessments—Waiver.
    5.   An apparent default in the payment of assessments by a member was waived by a benefit insurance society by the subsequent receipt and acceptance of such assessments and the collection and retention of subsequent assessments.

        [As to revival of policy on discontinuance of cause of forfeiture, see note in 80 Am. St. Rep. 305.]

Insurance—Mutual Benefit Insurance—Payment of Assessments—
    Agency of Local Clerk.
    6.   The clerk of the local circle of a benefit insurance society, in receiving and forwarding assessments from members, acted as the agent of the society; the character of the duties performed, rather than any declaration in the by-laws, determining the question whether she is the agent of the society or of the member.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE BEAN.

This is an appeal from a judgment in favor of plaintiff, Harry L. Patton, against the Women of Woodcraft. The action is based on a benefit certificate of insurance issued on March 21, 1906, by the defendant to James J. Patton, a member of Mystic Circle No. 24, at Baker, Oregon. The organization consists of a Grand Circle, and local circles. The supreme authority of the organization is exercised by the Grand Circle, sessions of which are held at certain periods. Its powers are vested in the Executive Council, which is authorized to transact all business which cannot reasonably be delayed until the Grand Circle session, provided, however, that the Council shall not alter or change the constitution. The membership of the organization consists of benefit and social members. Only the benefit members have any part in the insurance fund. The Grand Circle has no independent membership, but all who are in good standing in local circles are members of the organization. The benefit

certificate provided that James J. Patton was entitled to have his beneficiaries participate in its benefit fund after his death, when in good standing, and not otherwise, in the amount of $1,000, and no more, should his death occur within one year after the date of the certificate, and in the sum of $2,000, should death occur after one year from the date of the certificate, or to. the proceeds of one benefit assessment. The certificate was made expressly subject to all the conditions indorsed thereon, which were made a part thereof, and to all the conditions of the constitution of the association and the by-laws of the circle. It contained the clause that "it shall not be in force at any time when said James J. Patton stands suspended and is not in good standing. * * " Plaintiff, Harry L. Patton, a son, was named as a beneficiary to the amount of $1,000.

The complaint sets forth the certificate given, with all the conditions indorsed thereon, and states that James J. Patton fully performed all the terms, covenants and conditions of the contract of insurance on his part; that he died on the 21st day of August, 1908; and that due proof of such death was made to the defendant, as prescribed by the certificate, rules, and by-laws of the defendant.

The defendant answered, admitting the corporate character of the defendant, the issuance of the benefit certificate, the death of James J. Patton, and that due proof of such death was made, and denying that James J. Patton had fully complied with all the terms and conditions of the contract. The defendant further alleged "that on the 1st days of March, April and May of the year 1908 there was due from said Patton said assessment of one dollar sixty cents ($1.60), which said Patton wholly failed to pay prior to his death, whereby said Patton became suspended on the 28th day of April, and was never reinstated."

The reply put in issue the new matter of the answer, and averred that all defaults, if any, in the payment of assessments on the 28th day of March, April, and May, 1908, and the failure of James J. Patton to sign and deliver a reinstatement blank, as required by the rules, were waived by defendant by receiving and accepting from James J. Patton, prior to his death, the full amount of the assessments for those months; and by demanding, receiving, and accepting his assessments for June, July and August of that year, with full knowledge as to any prior default.    AFFIRMED.

For appellant there was a brief over the names of *Mr. Frank S. Grant* and *Mr. Lyman Latourette,* with an oral argument by *Mr. Grant.*

For respondent there was a brief over the names of *Messrs. Farrington & Farrington* and *Mr. C. M. White,* with an oral argument by *Mr. White.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. On the trial plaintiff introduced in evidence the benefit certificate issued by defendant, and rested. Thereupon defendant moved for a nonsuit, which was denied by the court. This ruling defendant assigns as error. Evidence was thereafter introduced by the defendant, and the court directed the jury to find a verdict in favor of plaintiff; therefore, in considering the error assigned, we are at liberty to examine the whole of the evidence which is contained in the bill of exceptions, even if the same were insufficient to be submitted to a jury: *Jennings* v. *Trummer,* 52 Or. 149 (96 Pac. 874, 132 Am. St. Rep. 680, 23 L. R. A. (N. S.) 164); *Grindstaff* v. *Merchants' Inv. & Trust Co.,* 61 Or. 313 (122 Pac. 46); *Trickey* v. *Clark,* 50 Or. 516 (93 Pac. 457); *Crosby* v. *Portland Ry. Co.,* 53 Or. 496 (100 Pac. 300,

101 Pac. 204) ; *Hofer* v. *Smith, post,* p. 145 (129 Pac. 761).   The instructions of the court to the jury to return a verdict in favor of plaintiff is assigned as error by the defendant.   This necessarily includes the question regarding the nonsuit.

2. The defendant called J. L. Wright, grand clerk of the Women of Woodcraft during the time that James J. Patton held the certificate, as witness.   A copy of the constitution of the Women of Woodcraft was identified by him and introduced in evidence.   He testified that he was the custodian of the records, and that Lillian C. White was clerk of Circle No. 24, at Baker, Oregon; that she reported to him the assessments collected; that the March report was received April 10, 1908, and that after the name of James J. Patton the word "delinquent" was written; that with the report for April there were two assessments for James J. Patton, one for March and one for April, amounting to $3.20; that these amounts were returned to the clerk of the local circle; that a similar report was made for May; that in the report for June the local clerk remitted three assessments, amounting to $6.05, for the months of April, May, and June; that the grand clerk notified the local clerk by letter of July 25, 1908, in regard to the reinstatement, as follows:

"I have received your affidavit on behalf of this neighbor, but the Grand Circle cannot accept this remittance, for the reason same is a partial payment and I have instructed the Grand Banker to return same to you."

The witness further testified that the July report showed a remittance for James J. Patton of $1.75, which was accompanied by an affidavit, dated July 9, 1908, made by Lillian C. White, circle clerk, to the effect that on March 28, 1908, James J. Patton paid his March assessments and dues, but that she failed to remit the same with the report for March, made by her on April

7th.   He further stated that on August 11, 1908, the local clerk forwarded to the grand clerk a separate remittance report for James J. Patton for $11.20; that this was credited to the account of James J. Patton, because the local clerk had sent an affidavit stating that James J. Patton had never been delinquent, and that she had made an error; that this $11.20 was accepted and has since been retained by the defendant.   The receipt from the local clerk of James J. Patton's dues for August was introduced.

Practically the whole controversy hinges on the acceptance of this $11.20 for the assessments of the decedent.   Defendant offered in evidence a letter, dated August 19, 1909, about a year after the death of James J. Patton, and written by Lillian C. White to Mrs. H. L. Patton, wife of plaintiff.   This letter was rejected by the court.   It is an explanation of the matter of the decedent's assessments, and of the action of Miss White, as local clerk.   It states in part that she received Mr. James J. Patton's dues for January and February through Mr. Fie Damon, clerk of the Woodmen of the World; that on April 7th she telephoned to Mr. Damon and asked him if he intended remitting for Mr. Patton for March in the Woodmen of the World lodge, and he replied that he was going to report him delinquent; that James J. Patton was entitled, under the by-laws, to be carried, or to have his assessment for the month of March paid, by the local circle; that this was not done, for the reason that any member becomes delinquent as soon as he is suspended in the Woodmen of the World camp; that when she learned that he had not been suspended she made the affidavit to straighten up the matter.   In making the affidavit it appears that Miss White consulted a former organizer and obtained her advice in regard to it.   The affidavit was rather general.   Had it contained the same matters that are set forth in the letter, it would

have been to the same legal effect, and would have explained the matter more thoroughly. In no way does the letter tend to show that the affidavit was false, and the rejection, therefore, was not prejudicial to the defendant, which should have called Lillian C. White as a witness, or have taken her deposition, had it desired her evidence.

3. By its answer defendant assumed the burden of showing that the payment of the assessments of James J. Patton for the months of March, April and May, 1908, were not made prior to his death: *Bathe* v. *Ins. Co.,* 152 Mo. App. 87, 94 (132 S. W. 743); *Hart* v. *Knights of the Maccabees of the World,* 83 Neb. 423, 427 (119 N. W. 679).

4. There are no allegations of fraud, or facts showing a reason why the payments which were actually made to and accepted by the defendant should be annulled or avoided. The evidence of the defendant showed that the assessments were in fact paid. After being sent back and forth, the payments were accepted by the Grand Circle prior to the death of the assured. If the undisputed facts showed that the association was liable upon the benefit certificate, then there was nothing to submit to the jury, and the directed verdict in favor of plaintiff was proper.

5. The apparent default in the payment of the assessments of James J. Patton was waived by the Grand Circle by the subsequent receipt and acceptance of such assessments, and by the collection and retention of subsequent assessments up to the time of the death of the holder of the certificate: *Knights of Pythias* v. *Kalinski,* 163 U. S. 289 (16 Sup. Ct. Rep. 1047, 41 L. Ed. 163); *Bailey* v. *Mutual Ben. Assn.,* 71 Iowa, 689 (27 N. W. 770); *United Workmen* v. *Smith,* 76 Kan. 509, (92 Pac. 710); *Trotter* v. *Grand Lodge of Iowa, Legion of Honor,* 132 Iowa, 513 (109 N. W. 1099, 7 L. R. A. (N. S.) 569, 11 Ann. Cas. 533). See, also, *Lathrop* v. *Modern*

*Woodmen of America,* 63 Or. 193 (126 Pac. 1002). It was held in *Bailey* v. *Mutual Ben. Assn.,* 71 Iowa, 689 (27 N. W. 770), that when the amount of such an assessment was received prior to the death of the assured by mistake, the real intention being to regard the certificate as forfeited, such mistake, if made, could not be regarded as material.

6. In the case at bar the good faith of the member in making the payments of his assessments after March, 1908, when it is claimed that there was a technical error, is not questioned. It is not strange that, in the important transactions of the local circle by the clerk, there were slight variations from the proceedings mapped out by the Grand Circle. In receiving and forwarding assessments from members of the local circle, however, the clerk acts as the agent of the Grand Circle. As to whose acts such clerk performs, or of whom she is agent, in the transaction, depends more upon the character of the duties performed, than upon any declaration in the by-laws: *Trotter* v. *Grand Lodge of Iowa, Legion of Honor,* 132 Iowa, 513 (109 N. W. 1099, 7 L. R. A. (N. S.) 569, 11 Ann. Cas. 533); *Whigham* v. *Independent Foresters,* 44 Or. 543, 553 (75 Pac. 1067, and cases there cited). The benefit certificate is admitted to have been regularly issued. The uncontradicted evidence shows that the rights thereunder had not been forfeited, and that James J. Patton, at the time of his death, was in good standing in the order. None of the evidence offered by defendant tended to show otherwise; therefore, there was no error in the judgment of the lower court, which is affirmed.

AFFIRMED.

MR. JUSTICE BURNETT concurs in the result.