Argued March 5, affirmed March 19, rehearing denied April 9, 1918.

# WEYGANDT *v.* BARTLE.*

## (171 Pac. 587.)

**Appeal and Error—Nonsuit—Scope of Inquiry.**

1. In determining whether nonsuit was properly denied, defendant's evidence as well as that of plaintiff may be considered; and, if defendant's evidence supplies the omission of plaintiff's evidence, the denial of nonsuit will be sustained.

**Municipal Corporations—Streets—Speed of Travel—Negligence—Evidence.**

2. Evidence *held* to present a jury question on the right of a pedestrian, struck by an automobile while crossing the city street, to recover.

**Damages—Excessive Damages.**

3. Verdict of $750 in favor of a pedestrian, struck by an automobile, receiving serious hurts and incapacitated for the position to which he was about to be promoted, was not excessive.

**Appeal and Error—Harmless Error.**

4. Error, if any, in admitting evidence, in such action, that the injuries so caused rendered him incapable of performing work in the position to which he was about to be promoted, was not prejudicial, since the verdict was not excessive.

**Municipal Corporations — Street Accidents — Pleading — Initiative Charter.**

5. Sp. Laws 1903, p. 97, being the legislative charter of the City of North Bend, authorized the city to regulate the speed of automobiles upon its streets, and therefore, in an action under an ordinance prohibiting speed which endangers life or limb, it was not necessary to plead the initiative charter, since it will not be presumed that the legislative charter has been changed.

**Evidence—Opinion Evidence—Admissibility.**

6. A passenger on the automobile which struck plaintiff, who stated that he afterward rode in automobiles and observed the speedometers, was competent to say what was the speed of the automobile which hit plaintiff.

**Witnesses—Impeachment—What Constitutes.**

7. It was not impeachment, but mere refreshing of memory, for counsel to ask his own witness whether he had previously stated the

---

*On evidence of speed of automobile as negligence, see notes in 1 L. R. A. (N. S.) 239; 51 L. R. A. (N. S.) 993.

On excessiveness of verdicts in actions for damages for personal injuries other than death, see extensive note in L. R. A. 1915F, 30.

On the question of opinion evidence as to speed of automobile or other vehicle, see note in 34 L. R. A. (N. S.) 778.     REPORTER.

speed of an automobile to have been greater than he then said it was, and it was within the discretion of the trial court to permit such form of question in order to refresh his recollection.

[As to impeaching witnesses, see note in 14 Am. St. Rep. 157.]

Evidence—Declarations—Personal Injuries.

8. In an action for personal injuries when struck by an automobile, declarations of plaintiff on the following day were properly admitted in evidence to show the condition of his health.

Evidence—Declarations—Personal Injuries.

9. A physician or attendant may testify to the injured party's statement as to his symptoms, ills and the locality and character of his pain, when made for the purpose of medical advice and treatment, as such statements are made with a view to being acted upon in a matter of grave personal concern, in relation to which the injured party has a strong and direct interest to adhere to the truth.

Appeal and Error—Invited Error.

10. In action for injuries when struck by an automobile, defendant's counsel cannot complain of an instruction on contributory negligence of the same purport as the one which he requested, although such defense was not pleaded.

Appeal and Error—Harmless Error.

11. In action for injuries when struck by automobile, where the defense of contributory negligence was not pleaded, a charge submitting contributory negligence was advantageous to the defendant, and he could not assign it as error.

From Coos: GEORGE F. SKIPWORTH, Judge.

Department 2.   The defendant appeals from a judgment for $750 damages, based upon a jury verdict. The gist of the complaint is that on December 30, 1914, while the plaintiff was lawfully walking along Railroad Avenue, a regularly traveled public highway used by pedestrians in the City of North Bend, Coos County, Oregon, the defendant carelessly ran his automobile on to him, injuring him; that the defendant at the time was operating his car at a very high and unlawful rate of speed so that he was unable to control and guide it properly and ran against plaintiff without sounding his horn or giving him any warning; and that defendant was driving at an unsafe rate of speed in excess of twenty-five miles an hour in violation of an ordinance of the city.

. The answer denies the averments of the complaint .except as therein stated, and asserts in substance that defendant at the time was operating his car in a careful manner and that plaintiff without any reason carelessly failed to observe his approach and attempted to cross directly from one side of the thoroughfare to the other; and that when he heard the approach of the auto he attempted to retrace his steps and came in contact with it; that upon observing the plaintiff, defendant immediately turned his machine away from him, cut off the power and applied the brakes; that the accident was unavoidable as far as he was concerned and was caused by the negligent acts of the plaintiff.

The reply put in issue the material portions of the new matter of the answer.      AFFIRMED.

For appellant there was a brief over the names of *Mr. C. F. McKnight* and *Mr. J. P. Brenn,* with an oral argument by *Mr. McKnight.*

For respondent there was a brief over the names of *Mr. John D. Goss, Mr. J. C. Kendall* and *Mr. H. S. Murphy,* with an oral argument by *Mr. Goss.*

BEAN, J.—1. The first error assigned is the refusal of the court to grant defendant's motion for a nonsuit made at the close of plaintiff's evidence. After the denial of the motion defendant introduced evidence in his own behalf. It is contended by defendant's counsel that according to the case of *Woods* v. *Wikstrom,* 67 Or. 581, 590 (135 Pac. 192), the testimony on the part of defendant should not be considered in reviewing the ruling as to the nonsuit. In *Trickey* v. *Clark,* 50 Or. 516, 519 (93 Pac. 457), the rule was announced by Mr. Chief Justice BEAN, following the

holding in *Bennett* v. *Northern Pac. Exp. Co.,* 12 Or. 49 (6 Pac. 160), that in determining questions arising on a motion for a nonsuit, consideration will be given to the entire testimony; that if there is a want of sufficient evidence to be submitted to the jury when plaintiff rests his case, if defendant afterwards supplies the omission, the ruling on the request for a nonsuit will not be disturbed. That doctrine has been adhered to in numerous cases, and is our guide now: *Jennings* v. *Trummer,* 52 Or. 149 (96 Pac. 874, 132 Am. St. Rep. 680, 23 L. R. A. (N. S.) 164); *Dryden* v. *Pelton-Armstrong Co.,* 53 Or. 418, 421 (101 Pac. 190); *Crosby* v. *Portland Ry. Co.,* 53 Or. 496, 502 (100 Pac. 300, 101 Pac. 204); *Taylor* v. *Taylor,* 54 Or. 560, 568 (103 Pac. 524); *Morrison* v. *Franck,* 59 Or. 429, 435 (110 Pac. 1090, 117 Pac. 308); *Vanyi* v. *Portland Flouring Mills Co.,* 63 Or. 520, 534 (128 Pac. 830); *Hofer* v. *Smith,* 65 Or. 145, 148 (129 Pac. 761); *Patton* v. *Women of Woodcraft,* 65 Or. 33, 36 (131 Pac. 521); *Caraduc* v. *Schanen-Blair Co.,* 66 Or. 310, 313 (133 Pac. 636); *Oberstock* v. *United Rys. Co.,* 68 Or. 197, 204 (137 Pac. 195); *Roundtree* v. *Mt. Hood R. Co.,* 86 Or. 147 (168 Pac. 61). In *Harding* v. *Oregon-Idaho Co.,* 57 Or. 34, 42 (110 Pac. 412), in regard to the rule referred to, Mr. Justice SLATER said: "There can be no question about the principle enunciated." It is not a matter of importance as to who introduced the evidence contained in the record: *Cunningham* v. *Friendly,* 70 Or. 222, 230 (139 Pac. 928, 140 Pac. 989). The testimony in the record tends to show that on the night of the accident at about 10:30 P. M., plaintiff Weygandt was proceeding along the right side of the planked highway to his work on a night shift as a member of the shore gang of a dredge. There was no sidewalk on the roadway. It was planked eighteen feet in width

and was used constantly by both vehicles -and pedestrians and was the main traveled thoroughfare leading from Marshfield to North Bend. The place where the accident occurred was within the city limits of North Bend and known as Railroad Avenue. The city maintained street lines and repaired the street. There is a sharp curve at the point which defendant's car was rounding when it struck plaintiff. It was in December when the road was wet and slippery; it was a "greasy road," a dangerous place. Defendant's car was a two seated one. There were six people on the car, one on the seat with defendant who was driving, one standing on each side, and two hanging on the back. It was a dark misty night and there was quite a bit of moisture on the wind-shield. The speed of the auto was estimated at from about twenty to twenty-five miles an hour. Defendant states, "I ran at that time twenty miles an hour—fifteen or twenty miles an hour." As to the happening of the accident the testimony was in substance as follows: Plaintiff's witness, Putnam, testified thus:

"We got around the curve, and we hit Mr. Weygandt, and then just about the time, or just a little bit before we hit him, Mr. Bartle kind of went kind of diagonal across the road, and when he got to the other side he tried to straighten up and the rear end of the car kind of slued off from the plank, and we went ahead probably seventy-five or a hundred feet, something of that matter, I didn't measure it, but it was a short distance and we stopped."

Defendant's witness, Standish, described the accident thus:

"I was looking ahead, I was on the outside of the car, I had my head on the outside, and I had a perfect view, and was watching the light as it shone on the road, and all at once I saw a man and I called to the

doctor, 'There is a man there,' he was on the right hand side of the road, and he was just in the circle of the lights, from the car. The doctor didn't do anything but shove the car right over, or pulled it to the left, and I hung on because I was a little afraid that he would skid the way he turned there, and I lost sight of the man because he was on the other side of the car. Then I felt a jolt of the car, and I said, 'You hit him.' The doctor kept on turning to the left until he was clear of the road. Before he got there I jumped. * * "

Defendant's version of the occurrence is as follows:

"Standish said, 'There is a man,' and I turned the engine off, and I began to turn to the left, and I tried to find him, * * and I could not see any man in the light, and when I did see him he was in front of the right light. He was not fifteen feet away with his head down, and his dinner bucket in his hand—the wind was blowing from the north, and he turned right square around in the road, faced me and gave a little jump to the side, and the only place that the car hit him was on the top of the fender, and that is what hit him in the side right here. * * The first thing he asked me, he said, 'Couldn't you see me?' and I said, 'Yes, I could see you, but not quick enough to miss you.' "

2. Plaintiff testified that he heard no horn or warning as the car approached him from behind and struck him; that "I said to Dr. Bartle, 'My God! Couldn't you see me coming?' and he said, 'Yes, I could see you, but I could not keep from striking you.' " We cannot say there was no evidence to support a verdict, therefore we are inhibited from disturbing the same: Article VII, Section 3, of the Constitution. The jury might reasonably conclude from the evidence, and apparently did, that taking into consideration the time and place and the prevailing circumstances the defendant was driving his car at a greater speed than

was reasonable and proper, having regard to the safety of the public; that he did not have proper control of the machine so as to stop the same or slacken the speed sufficiently to avoid striking the plaintiff who was making a desperate leap to escape the car and within a reasonable time would have done so: See Motor Vehicle Law, Laws of Oregon 1911, p. 267, Sections 16 and 17. This act provides that every vehicle shall be run at a rate of speed at no time greater than is reasonable and proper, having regard to the safety of the public, the traffic and use of the street or highway. Ordinance Number 185 of the City of North Bend makes practically the same provision as to the speed of autos on all streets, avenues and public highways within that city. The deductions to be drawn from the evidence are for the jury and not for the court. The testimony clearly tended to support the averments of the complaint. The determination upon the motion for a nonsuit cannot be disturbed.

3–5. Over defendant's objection and exception plaintiff was permitted to show that he had been promised an increase in wages and that owing to the injury complained of he was incapacitated to work; that after the injury he was promoted but was unable on account. of the hurt to do the labor. The rule is stated in 13 Cyc., p. 204, b. b., thus:

"Where by virtue of the contract of employment plaintiff will, if found satisfactory, be promoted or given an increase of salary within a stipulated or reasonable time, this fact is admissible on the question of damages."

See *Bryant* v. *Omaha & C. B. Ry. & Bridge Co.,* 98 Iowa, 483 (67 N. W. 392); *St. Louis etc. Ry. Co.* v. *Sweet,* 60 Ark. 550 (31 S. W. 571); *Southern Pac.* v. *Ward,* 208 Fed. 385, 392 (125 C. C. A. 601). The dam-

ages awarded plaintiff were not excessive. There was no prejudicial error in such ruling. Defendant's counsel contend that the plaintiff failed to plead and prove the initiative charter of the city as the law then required, and that therefore it does not appear that the city had control of the street where the accident occurred and that it was error to submit the provisions of the ordinance to the jury. The legislative charter of North Bend of 1903, Section 27, Subdivision 23, provides that the council shall have power within the City of North Bend

"to regulate the use of the streets, sidewalks, cross-walks, highways and public places for foot-passengers, animals, vehicles," etc.

Subdivision 27 of this section confers power on the city council "to control and regulate the traffic on the streets, avenues and public places"; and subdivision 40 thereof gives the council power "to regulate the speed upon any and all railways, street cars and street car lines or other roads, or vehicles of all kinds," etc.: See Special Laws of Oregon for 1903, p. 97. The power thus granted enabled the city to enact the ordinance in question. The provision in the charter in regard to streets is a very common one and it will not be presumed in the absence of a showing to the contrary that such charter authority has been abrogated by any initiative measure: *Rusk* v. *Montgomery,* 80 Or. 93 (156 Pac. 435, 438). The evidence as to what change had been made in the charter was excluded at the instance of the defendant. It was under the dominion of the city authorities by virtue of the police power of the city. There was no error in this respect.

6–8. Objection is made on behalf of defendant that witness Putnam, a nonexpert, was permitted to esti-

mate the speed of the car on which he was riding at the
time of the casualty. This was competent. The wit-
ness stated that since the accident he had ridden on
cars and had taken notice of speedometers, and judged
from that that defendant's car was running about
twenty miles an hour. The objection goes only to
the weight of the evidence: *Everart* v. *Fischer,* 75 Or.
316 (145 Pac. 33, 147 Pac. 189); *Macchi* v. *Portland,
Ry. L. & P. Co.,* 76 Or. 215 (148 Pac. 72); *Oberstock* v.
*United Rys. Co.,* 68 Or. 197 (137 Pac. 195). There is
no real controversy as to the speed of the auto at the
time of the injury. Defendant's witness estimated
the rate at from fifteen to twenty-five miles an hour.
The defendant complains that counsel for plaintiff
was improperly allowed to impeach his own witness
by asking Putnam the following question: ''Haven't
you stated that at one time he [defendant] was going
at the rate of thirty miles an hour?'' The witness
then testified that he had said defendant was prob-
ably going between twenty-five and not more than
thirty miles an hour, but that since then he had ridden
on cars and observed the speedometers and had
reached the conclusion that the speed was about
twenty miles an hour. The object of the question ob-
jected to was apparently to refresh the memory of
the witness and not for the purpose of impeachment.
Where a party is disappointed in his witness it is
within the discretion of the trial court to permit his
counsel to frame his questions so as to refresh the
memory of the witness and to direct his attention to
the statements previously made by him in regard to
the subject matter of his testimony: 40 Cyc. 2450;
*White* v. *State,* 87 Ala. 24 (5 South. 829); *Hildreth* v.
*Aldrich,* 15 R. I. 163 (1 Atl. 249); *Bullard* v. *Pearsall,*
53 N. Y. 230; *Hickory* v. *United States,* 151 U. S. 303

(38 L. Ed. 170, 14 Sup. Ct. Rep. 334).   Defendant as-
signs as error that the court erred in permitting plain-
tiff's witness, Richards, to testify that on the day
after the injury plaintiff complained of pain in his
side.   The statements or declarations of the plaintiff
were properly admitted in evidence for the purpose
of showing the condition of his health which was in
issue under the claim that he was severely injured:
1 Greenleaf, Ev., § 102; *Blair* v. *Madison County,* 81
Iowa, 313 (46 N. W. 1093, 1094); *Keyes* v. *Cedar Falls,*
107 Iowa, 509 (78 N. W. 227).   At page 200, (8) of
13 Cyc., the rule is laid down thus:

"All such declarations and exclamations of present
pain or suffering as would ordinarily and probably be
caused by such injury are admissible as original evi-
dence when made under ordinary circumstances, al-
though it be a considerable time after the injury;
declarations of past pain and suffering or such dec-
larations when made after the controversy has arisen
or suit has been brought are not ordinarily admis-
sible."

9. It is well settled that a physician or attendant
may testify to the injured party's statement as to his
symptoms, ills, and the locality and character of his
pain, when made for the purpose of medical advice
and treatment, as such statements are made with a
view to being acted upon in a matter of grave personal
concern, in relation to which the injured party has a
strong and direct interest to adhere to the truth: 13
Cyc., p. 201, (9).

10, 11. Defendant complains of the instructions given
by the court.   The jury were plainly instructed to the
effect that it was the duty of the defendant in operat-
ing his automobile over the highway to use ordinary
care to avoid injury to pedestrians, and if he per-
formed his duty he would not be liable; also that it

was the duty of the plaintiff in traveling along the street or highway in question to use ordinary care to avoid injury and that if he failed to exercise such ordinary care and thereby proximately contributed to his injury, then the defendant would not be liable even though the defendant was guilty of the negligence charged in the complaint. The defendant contends that contributory negligence was not pleaded in the answer; but that he pleaded that the injury was caused wholly by the negligence of the plaintiff. The defendant's counsel requested an instruction upon contributory negligence, of the same purport as the one given, and therefore cannot be heard to complain of the giving of such an instruction: *Wesco* v. *Kern,* 36 Or. 433 (59 Pac. 548, 60 Pac. 563); 4 C. J. 707. The charge was advantageous to the defendant and cannot be assigned as error by him: 4 C. J. 920, note 63a. See also: *Pim* v. *St. Louis Transit Co.,* 108 Mo. App. 713 (84 S. W. 155); *Smith* v. *Ogden & N. W. R. Co.,* 33 Utah, 129 (93 Pac. 185, 188).

A careful examination of all the instructions given by the court to the jury, some of which are complained of, shows that the questions at issue were fairly submitted to the jury. It is unnecessary to refer to the instructions at length. Other errors are assigned in a general way. We have examined the questions raised and find no prejudicial error in regard thereto nor any reason for the reversal of this case.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., MOORE and McCAMANT, JJ., concur.